(No. 3308—

THE COUNTY OF WILL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1939.*

JAMES E. BURKE, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The claimant herein seeks to recover the sum of $2,548.18, being the amount of money advanced by it for fees and costs in connection with the prosecution of one James Day, an inmate of the Illinois State Penitentiary.

The claim is based upon the provisions of Section 14 of an Act entitled, "An Act in Relation to the Illinois State Penitentiary and to Repeal Certain Parts of Designated Acts;"—Illinois Revised Statutes of 1937, Chapter 108, Paragraph 118, which reads as follows:

"When any crime is committed within any division or part of the penitentiary system by any person confined therein, cognizance thereof shall be taken by any court of the county wherein such division or part is situated having jurisdiction over the particular class of offenses to which such crime belongs. Such court shall try and punish the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime in such county. * * * and provided, further, that all fees and costs arising from the prosecution of convicts for crimes committed within the penitentiary system, which would otherwise be paid by the county, shall be paid by the State."

It appears that one James Day, an inmate of the Illinois State Penitentiary located at Stateville, Joliet, Will County, Illinois, was indicted for the murder of one Richard Loeb, another inmate of said penitentiary; that said Day was tried for said crime in the Circuit Court of Will County, and that the trial occupied the time from May 25th, 1936 to June 4th, 1936.

The Attorney General filed an Answer on behalf of the respondent, in which he admits that there is due and owing to the claimant the sum of $2,470.03 for fees and costs as above set forth.

Thereupon the claimant filed a waiver of the amount claimed in excess of $2,470.03, and asked for an award in the last mentioned amount.

Under the aforementioned statute and the pleadings in this case, it appears that the claimant is entitled to the sum of $2,470.03 and an award is therefore entered in favor of the claimant for such amount.